IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 4, 2018

## STATE OF TENNESSEE v. CAREY GOODMAN

**Appeal from the Circuit Court for Madison County
No. 15-308   Donald H. Allen, Judge**

_____

**No. W2017-01104-CCA-R3-CD**

_____

The Defendant, Carey Goodman, appeals the trial court's order requiring him to serve his sentence in confinement after the revocation of his probation.  Following our review, we affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed
Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

George Morton Googe, District Public Defender; Gregory D. Gookin, Assistant District Public Defender, for the appellant, Carey Goodman.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Jody Pickens, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On September 21, 2015, the Defendant pleaded guilty to aggravated assault and received a sentence of four years and six months, to be suspended after serving nine months in incarceration.  On the day he entered his guilty plea, the Defendant was released onto supervised probation, which was set to expire on July 23, 2019.  On October 24, 2016, a probation violation warrant was issued for the Defendant, alleging that he had consumed an excessive amount of alcohol and was arrested for driving under the influence (DUI), violation of open container law, driving on a suspended license, and violation of registration law.

At the probation revocation hearing, the Defendant admitted that he had consumed a 375 milliliter bottle of Jim Beam whiskey and then drove to the store to purchase cigarettes. He had a blood alcohol concentration of 0.14 percent. He admitted to entering a guilty plea to DUI, third offense, and to violation of a habitual motor vehicle offender (HMVO) order. He was sentenced to one year for the HMVO offense and to eleven months and twenty-nine days for the DUI. For both sentences, he was required to serve 120 days in incarceration with the remainder of the sentences to be suspended.

The trial court found that the Defendant violated his probation by receiving new convictions and using an excessive amount of an intoxicant. The court revoked the Defendant's probation and ordered him to serve the original sentence imposed in the Tennessee Department of Correction (TDOC), receiving credit for his time served. The Defendant now appeals.

## ANALYSIS

We initially note that the probation revocation order was filed on May 1, 2017, and the Defendant's notice of appeal was filed thirty-one days after, on June 1, 2017. *See* Tenn. R. App. P. 4(a) (requiring notice of appeal to be filed "within 30 days after the date of entry of the judgment appealed from"). The Defendant asserts in his brief that he originally informed defense counsel that he did not wish to appeal, but later decided to seek an appeal. In consideration of the short one-day delay in filing, we waive the timely filing requirement in the interest of justice and reach the merits of the Defendant's claim. *See* Tenn. R. App. P. 4(a) (authorizing this court to waive the timeliness requirement "in the interest of justice").

The Defendant asserts on appeal that the trial court erred in ordering him to serve his sentence in the TDOC after revoking his probation. He specifically argues that because he had completed a required victim impact class, remained current on his court cost payments, and obeyed the terms of supervision for nearly a year before his arrest, the court should have allowed him to serve a period of "shock incarceration" followed by probation, with the additional requirement of participating in an outpatient alcohol treatment program.

We review a trial court's decision to revoke probation under an abuse of discretion standard. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). A trial court abuses its discretion when it "applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The trial court is authorized to order the incarceration of a defendant for the entire term of the sentence when the defendant's probation has been revoked. T.C.A.

§§ 40-35-310(a), 40-35-311(e)(1)(A). "'[A]n accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing.'" *State v. Gregory Lamar Gillespie, Jr.*, No. E2016-01970-CCA-R3-CD, 2017 WL 6027817, at *4 (Tenn. Crim. App. Dec. 5, 2017) (quoting *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999)), *no perm. app. filed*.

The Defendant does not contest the trial court's finding that he violated the terms of his probation, and we agree that the record supports the finding of the trial court. *See State v. Aaron Jermaine Clark*, No. E2017-00616-CCA-R3-CD, 2017 WL 6547102 (Tenn. Crim. App. Dec. 21, 2017) (noting that a defendant's admission to violating the terms of probation is sufficient to support probation revocation). In revoking the Defendant's probation, the trial court noted its concern about the Defendant "endangering the public and endangering [him]self by drinking and driving," especially since the Defendant should not be driving at all. In consideration of the Defendant's convictions and his admission that he consumed an excessive amount of alcohol, we discern no abuse of discretion in the trial court's ordering the Defendant to serve his sentence in confinement. Accordingly, he is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE